IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| SUE ANN GARBER, ) | |
| ) | No. 5:14-cv-1173-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that the court affirm Commissioner of Social Security Carolyn Colvin's decision denying claimant Sue Ann Garber's ("Garber") application for disability insurance benefits ("DIB"). Garber filed objections to the R&R. For the reasons set forth below, the court rejects the R&R in part and remands the Commissioner's decision.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.   Procedural History

Garber first filed an application for DIB on April 23, 2013, alleging she had been disabled since April 13, 2012. The Social Security Administration ("the Agency") denied Garber's applications both initially and on reconsideration. Tr. 82–83; 95–96. Garber requested a hearing before an administrative law judge ("ALJ"), and ALJ Nicole S. Forbes-Schmitt presided over a hearing held on November 19, 2013. In a decision issued on December 17, 2013, the ALJ determined that Garber was not disabled. Tr. 27–37. Garber requested Appeals Council review of the ALJ's decision. The ALJ's decision

1

became the final decision of the Commissioner when the Appeals Council denied further review on February 14, 2014.

On March 28, 2014, Garber filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on June 17, 2015, recommending that this court affirm the ALJ's decision. Garber filed objections to the R&R on July 20, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because the parties are familiar with Garber's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Garber was fifty-nine years old at the time of her alleged disability onset date. She completed some college and received specialized training in an EEG program at Costa Mesa Community College in California. Tr. 212. Garber has past relevant work as an EEG Technologist, Neurodiagnostic Technologist, and Travel EEG Technologist. Id. Garber seeks DIB for mental conditions of major depressive disorder, depression, and anxiety.

### C.     ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the

claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

      To determine whether Garber was disabled from April 13, 2012 through the date of her decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Garber did not engage in substantial gainful activity during the period at issue. Tr. 29. At step two, the ALJ found that Garber suffered from the following severe impairments: bipolar affective disorder, panic disorder without agoraphobia, dysthymia, personality disorder, and an occupational problem. Id. At step three, the ALJ found that Garber's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 24. Before reaching the fourth step, the ALJ determined that

Garber retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple, routine tasks, no interaction with the general public, only occasional interaction with coworkers and supervisors, and very low production quotas. Id. at 31. The ALJ found, at step four, that Garber was not able to perform any past relevant work. Id. at 36. Finally, at step five, the ALJ determined that considering Garber's age, education, work experience and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue. Id. at 37.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Garber makes the following objections to the R&R:  (1) the magistrate judge erred in finding that the ALJ properly considered the opinion evidence of Dr. Devenyl; (2) the magistrate judge erred in finding that the ALJ properly evaluated the evidence of Garber's daily activities; (3) the magistrate judge erred in finding that the ALJ's credibility determination was proper; and (4) the magistrate judge erred in finding that the ALJ properly determined that Garber was not disabled.    Because the court finds that Garber's objection relating to the ALJ's RFC determination warrants remand, the court need not address Garber's other objections.

#### A.     RFC Assessment

Garber argues that the ALJ failed to properly consider Garber's hand tremors and asthma as severe impairments when making her RFC assessment.

A claimant's RFC is her maximum ability to work despite her impairments.  20 C.F.R. §§ 404.1545, 416.945.  The importance of a comprehensive RFC assessment is supported by its necessity at two stages of a disability evaluation.  The RFC "is used at step 4 of the sequential evaluation process to determine whether an individual is able to do past relevant work, and at step 5 to determine whether an individual is able to do other work." Id.

Social Security Ruling 96–8p provides that:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the

>individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

(emphasis added). The ruling goes on to emphasize that "the RFC assessment must always consider and address medical source opinions." SSR 96–8p.

Thus, when "determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." McGuire v. Astrue, 2008 WL 4446683, at *5 (S.D.W. Va. 2008) (quoting Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996)). While the ALJ is not required to discuss every piece of evidence, if she does not mention material evidence, the court cannot say his determination was supported by substantial evidence. See Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) ("The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty . . . .").

In determining Garber's severe impairments, the ALJ opined that while Garber testified that she had tremors, there was "nothing in the medical evidence of record to suggest that [Garber's tremors] represent more than mild problems." Tr. 30. The ALJ recognized that Garber complained of tremors to her medical providers, but found that

6

"other records from the provider consistently describe the claimant as not demonstrating any abnormal movements or tics." Id. (citing Ex. 12F, 13F, and 15F).

The ALJ's determination that the medical records do not support Garber's testimony regarding tremors is not supported by substantial evidence but is rather refuted by the medical records. The medical records indicate that on November 2, 2012, Garber reported that she was concerned about "a little tremor in left hand more than the right" and that the tremor had been occurring for the past two and a half weeks. Tr. 392. On January 9, 2013, Garber again reported that her hand had been "shaking badly." Tr. 395. On March 7, 2013, Dr. Ana-Zully Terah indicated that Garber had some shaking in her hands and that although she found a job as a dog walker, "even walking the little dogs it is an [sic] strain for her." Tr. 399. There is no evidence in the record that contradicts the evidence of tremors or that the providers "consistently describe[d] the claimant as not demonstrating any abnormal movement or tics." Tr. 30. In fact, the same doctor who noted Garber's tremors supported her disability application. Tr. 408. Therefore, the ALJ's determination that the tremors do not constitute a severe impairment is not supported by substantial evidence.

Further, the ALJ's RFC assessment that Garber could perform a "full range of work at all exertional levels" is not supported by substantial evidence because it fails to account for the medical evidence of tremors. Social Security Ruling 96–9p provides that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." Titles II & Xvi: Consideration of Admin.

7

<u>Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council</u>, SSR 96-6P, 1996 WL 374180, at *2 (S.S.A. July 2, 1996).  Social Security Ruling 96–9p further provides that unskilled sedentary work involves the nonexertional capacity for manipulation.  <u>Id.</u>  It further advises that,

> Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base . . . .

<u>Id.</u>  In making her RFC assessment, the ALJ did not examine whether Garber's tremors caused such limitations.  Further, the ALJ failed to discuss how the medical evidence of tremors contributed to her RFC assessment.

Because the ALJ failed to discuss functional limitations opined by Dr. Terah and, more broadly, failed to engage in any "narrative discussion" describing how she evaluated the evidence of tremors in making her RFC assessment, the court finds that the ALJ's RFC assessment does not meet the requirements of SSR 96–8p and is not supported by substantial evidence.  <u>See</u> <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that the ALJ's failure to explain a decision makes it "simply impossible to tell whether there was substantial evidence to support the determination").  Therefore, the case must be remanded to the Commissioner for further administrative proceedings.  On remand, the ALJ should correctly summarize the medical records relating to Garber's tremors and whether the tremors constitute a severe impairment.  Additionally, the ALJ should discuss the medical evidence of tremors and its impact on the RFC assessment.

Because the ALJ's findings regarding Garber's tremors is not supported by substantial evidence and because the ALJ failed to account for the evidence of record of

tremors in making her RFC assessment, the court will not address Garber's additional arguments of error.  When reviewing the case on remand, however, the ALJ should consider each of Garber's other allegations of error.

## IV.   CONCLUSION

For the reasons set forth above, the court **REJECTS** the magistrate judge's report & recommendation, ECF No. 27, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

**AND IT IS SO ORDERED**.

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**September 29, 2015**
**Charleston, South Carolina**